# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT of TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | § | |
| | § | |
| Plaintiff-Respondent | § | Civil Action |
| | § | No. SA-07-CA-259-OG (NN) |
| v. | § | |
| | § | Criminal Case |
| MACE LEE McGREW, | § | No. SA-03-CR-042(1)-OG |
| | § | |
| Defendant-Movant | § | |

**ORDER**

Before the Court is Movant's motion to proceed pro se (Docket Entry No. 222) at the hearing set for December 7, 2011, on his 28 U.S.C. § 2255 motion. Movant states he voluntarily and intelligently elects to proceed without counsel.

**The Court provides the following warnings to Movant about the dangers and disadvantages of self-representation**. Movant is advised that the rules of evidence govern what evidence may or may not be introduced at the hearing; that in representing himself, Movant must abide by those very technical rules; and that they will not be relaxed for his benefit. A trained lawyer would represent Movant at the evidentiary hearing far better than Movant can represent himself. It is unwise of Movant to attempt to represent himself. Movant is not as familiar with the law concerning statements obtained in violation of the Fifth Amendment, the law concerning ineffective assistance of counsel, and the rules of procedure and evidence as a lawyer would be. Because Movant is incarcerated, he will not have the same opportunities as a lawyer to investigate or interview witnesses in preparation for the hearing. Additionally, by rejecting appointed counsel, Movant will not have any complaint about restrictions to his ability to perform legal research in the

prison law library in preparation for the hearing. *Degrate v. Godwin*, 84 F.3d 768-69 (5th Cir. 1996) ("having rejected the assistance of court-appointed counsel, Degrate had no constitutional right to access a law library in preparing the pro se defense of his criminal trial"). "A [pro se litigant] does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure. Nor does the Constitution require judges to take over chores for a pro se [litigant] that would normally be attended to by trained counsel as a matter of course." *McKaskle v. Wiggins*, 465 U.S. 168, 183-84 (1984). For the foregoing reasons, I strongly urge Movant not to try to represent himself.

Nevertheless, the Court takes note of Movant's pleadings in this case and the fact that he litigated this case in the Fifth Circuit and obtained a remand for an evidentiary hearing. The Court notes Movant has had disagreements about strategy with previously appointed counsel for the hearing. Movant has no constitutional right to appointed counsel at the evidentiary hearing on his § 2255 motion. *United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993). The right to appointed counsel for the hearing is a statutory right pursuant to Rule 8 of the Rules Governing Section 2255 Cases. *Id*. Movant, however, has waived his statutory right to counsel.

**Therefore, the motion to proceed pro se is GRANTED subject to reconsideration if Movant expresses his desire for appointed counsel <u>within fourteen days from the entry of this Order</u>. Michael C. Gross shall remain appointed and should Movant persist in his desire to waive counsel, Gross will serve as stand-by counsel at the hearing**. *See United States v. Taylor*, 933 F.2d 307, 312-13 (5th Cir. 1991) (discussion of the limited role of standby counsel); *see also Faretta v. California*, 422 U.S. 806, 834 n..46 (1975) (court may have stand-by counsel be available to represent a litigant if it becomes necessary to terminate the litigant's

right of self-representation).  **Michael C. Gross shall continue to receive electronic notices via CM/ECF.**

    **It is further ORDERED that:**

1. **After considering the warnings in this Order about the dangers and disadvantages of self-representation, <u>within fourteen days of the entry of this Order</u> Movant shall inform this Court in writing whether he wants to be represented at the evidentiary hearing by appointed counsel Michael C. Gross or whether he wants to continue to represent himself.  Whichever Movant chooses, Movant will not be entitled to hybrid representation (representation both by counsel and pro se).**

2. **If Movant continues to choose to represent himself, then also <u>within fourteen days from the entry of this Order</u> Movant shall submit to the Court *ex parte* and *under seal* a list of proposed witnesses he wishes to be subpoenaed, along with their addresses and a brief statement of the subject matter of each witness's testimony (for example, [Witness's name], [Witness's address], will testify about whether Movant was in custody and whether he was interrogated).  Because the witness list is to be submitted *ex parte*, Movant need not serve the Government with a copy of the list.  After review of the list the Court will determine which witnesses will be subpoenaed for the hearing.  Movant will not be permitted to subpoena witnesses who will testify only about matters clearly irrelevant to the hearing.**

    **Regarding relevance, the Court notes that shortly after the Fifth Circuit issued its opinion remanding this § 2255 case, Movant filed an affidavit (Docket Entry No. 190).  The affidavit contains twelve factual assertions.  Some state that Movant did not make incriminating statements, that Movant did not provide certain information, and that testimony that he did so was false.  Some state Movant did not have knowledge that William Tutt stored a firearm at the residence.  However, those fact assertions do not appear to be relevant to the Fifth Amendment and ineffective assistance of counsel issues to be litigated at the evidentiary hearing.  Issues at the hearing will not concern whether Movant made such statements, but whether his Fifth Amendment rights and right to effective assistance of counsel (regarding the failure to object or move to suppress the statements pursuant to the Fifth Amendment) were violated by the introduction of evidence that he made such statements.  Movant will not be permitted to re-litigate his guilt or innocence.**

3. **If Movant continues to choose to represent himself, then also <u>within fourteen days from the entry of this Order</u> Movant shall file any and all pro se motions Movant wishes to be considered before the evidentiary hearing.**

4. **If Movant chooses to be represented by Michael C. Gross as appointed counsel for**

**the evidentiary hearing, Movant need not file anything other than to inform this Court of that decision <u>within fourteen days from the entry of this Order</u>.**

At an appropriate time, this Court will enter an Order securing Movant's presence at the hearing; a motion for same is unnecessary. In addition to electronic service/notice of this Order for counsel Michael C. Gross and counsel for the Government Bettina J. Richardson, **the Clerk is directed to send a copy of this Order to Movant Mace Lee McGrew**.

**It is so ORDERED**.

**SIGNED** on November 4, 2011.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE